IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**VIRGINIA GAIL MULLINS,**
   **Plaintiff,**

v.           **CIVIL ACTION NO. 2:15-cv-11934**

**CAROLYN. W. COLVIN,**
**Acting Commissioner of Social Security,**
   **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

   This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. §1381-1383f. Presently pending before this Court are Plaintiff's Memorandum in Support of Judgment on the Pleadings (ECF No. 10) and Brief in Support of Defendant's Decision (ECF No. 11).

   Claimant Virginia Gail Mullins filed an application for SSI on February 23, 2012. Claimant alleged disability beginning May 1, 2008. These claims were denied initially on August 9, 2012, and upon reconsideration on October 2, 2012. Thereafter, Claimant filed a written request for hearing on November 1, 2012. By decision dated April 2, 2014, the ALJ determined that Claimant was not entitled to benefits. On June 2, 2014, Claimant sought review by the Appeals Council of the ALJ's unfavorable decision. In a notice dated June 13, 2015, the Appeals Council (AC) denied Claimant's request for review. The AC stated "We found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review" (Tr. at 4). The AC considered the following:

> In looking at your case we considered the reasons you
> disagree with the decision and the additional evidence listed

>on the enclosed Order of Appeals Council. We considered whether the Administrative Law Judge's action, findings or conclusion is contrary to the weight of the evidence currently of record.
>
>We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
>We also looked at records from Logan Regional Medical Center dated May 9, 2014 through October 9, 2014 (16 pages) and records from Family Health Care dated April 4, 2014 through August 26, 2014 (36 pages). The Administrative Law Judge decided your case through April 2, 2014. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before April 2, 2014 (Tr. at 5).

The Order of Appeals Council dated June 13, 2015, made the following additional evidence part of the record:

>Exhibit 23F    Additional Medical Evidence from Logan Regional Medical Center Dated March 20, 2014 (2 pages).
>
>Exhibit 24F    Additional Medical Evidence from Family Health Care dated February 26, 2014 through April 1, 2014 (10 pages) (Tr. at 9).

On August 5, 2015, the AC notified Claimant that it had received more evidence[1] however, "We found no reason under our rules to reopen and change the decision. This means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case" (Tr. at 2). Thereafter, Claimant filed a complaint with this Court pursuant to 42 U.S.C. § 405(g), seeking remand and reversal of the ALJ's adverse decision (ECF No. 10).

---

[1] Exactly what evidence the AC was referring to was not stated.

Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2015). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2015). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job,

and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

Although Claimant asserts mental impairments, the undersigned respectfully recommends the District Judge remand this matter for the ALJ to reconsider the record as a whole, including evidence admitted by the Appeals Council. Therefore, an analysis of the standard of review for a mental impairment is not included at this time.

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date of February 23, 2012 (Tr. at 82). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairment of coronary artery disease, status post bypass grafting x 3, chronic obstructive pulmonary disease (COPD), disc protrusion at L5-S1, and lumbago. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 85). The ALJ then found that Claimant has a residual functional capacity to perform work at the light exertional level.[2] However, the ALJ found that Claimant's ability to perform all or substantially all of this level of work has been impeded by additional limitations. Therefore, the ALJ held that Claimant could perform unskilled sedentary work in the national economy in jobs such as: inspector/packer, surveillance system monitor and small parts assembler (Tr. at 91-92). On this basis, benefits were denied (Tr. at 92).

---

[2] Claimant can stand/walk two hours during an eight-hour day. The claimant can frequently stoop, kneel and crouch. She can occasionally balance, crawl and climb ramps and stairs. The claimant can never climb ladders, ropes or scaffolds. She may have frequent exposure to extreme heat and cold. The claimant may have occasional exposure to pulmonary irritants, including fumes, odors, dust and gas. She may have occasional exposure to hazardous conditions, including unprotected heights and moving machinery. (Tr. at 85).

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

Claimant's Background

Claimant was born on January 19, 1967. She completed the sixth grade and is able to read and write (Tr. at 338). She did not pass the General Education Diploma (GED) exam. She lives alone in a first-floor apartment. Her children live within 10 miles and help her with cleaning. She has a driver's license and drives to the post office (Tr. at 121).

The Medical Record

This Court will only discuss, *infra*, relevant medical records pertaining to the issue of whether the ALJ's decision is supported by substantial evidence in light of the new and material

5

evidence.

## Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ residual functional capacity (RFC) finding erroneously did not take into account all of Claimant's medically determinable impairments. Claimant argues that the new evidence she previously submitted to the Appeals Council which includes records from Logan Regional Medical Center (Logan Regional) and Family Healthcare Associates (Family Healthcare) warrants changing the Administrative Law Judge's decision (ECF No. 10). Defendant asserts that substantial evidence supports the Administrative Law Judge's decision (ECF No. 11). Defendant avers that the evidence submitted by Claimant to the Appeals Council does not warrant remand.

## Discussion

Additional evidence will be considered by the Appeals Council if it is new and material and relates to the period on or before the ALJ hearing decision. See 20 C.F.R. §§ 404.970(b) and 416.1470(b). SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and material. According to the HALLEX, this means the evidence is:

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning it is (a) dated before or on the date of the hearing decision, or (b) postdates the hearing decision but is reasonably related to the time period adjudicated at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which goes to the district court for review. This is true whether the Appeals Council reviews the case or not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv. 248, Unempl. Ins. Rep. (CCH) (11th Cir. 1994).

6

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

The Appeals Council must consider "new and material evidence" presented after the ALJ's decision "where it relates to the period on or before the date of the [ALJ's] decision." 20 C.F.R.

7

§§ 404.970(b) and 416.1470(b). "If qualifying new evidence is presented, the Appeals Council must evaluate the entire record, including the new evidence. If it finds that the ALJ's decision is contrary to the weight of the evidence currently of record, it will then review the ALJ's decision. The Appeals Council may thereafter adopt, modify or reverse the ALJ's decision, or it may remand the case to the ALJ." *Ridings v. Apfel*, 76 F. Supp.2d 707, 709 (W.D. Va. 1999) (citing 20 C.F.R. §§ 404.970(b) and 404.979 (1999)).

This Court must review the record as a whole, including the new evidence, in order to determine if the Commissioner's decision is supported by substantial evidence. *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991). Although new evidence of the nature submitted by Claimant to the Appeals Council must "relate to the period on or before the date of the administrative law judge hearing decision," 20 C.F.R. §§ 404.970(b) and 416.1470(b), "[t]his does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time." *Reichard v. Barnhart*, 285 F. Supp.2d 728, 733 (S.D. W. Va. 2003); *see also Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987) ("medical evaluations made subsequent to the expiration of a claimant's insured status are not automatically barred from consideration and may be relevant to prove a previous disability").

When read in combination with the applicable regulation, *Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991),* reveals that a claimant need not show good cause when submitting new evidence to the Appeals Council:

> A claimant seeking a remand on the basis of new evidence under 42 U.S.C.A. § 405(g) (West 1983) must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier. There is no requirement that a claimant show good cause when seeking to present new evidence before the Appeals Council.

8

*Wilkins*, 953 F.2d at 96 n.3; *see also* 20 C.F.R. § 416.1471(b) (2014). Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.) Evidence is new "if it is not duplicative or cumulative." *Id.* at 96 (citing *Williams*, 905 F.2d at 216). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

The additional medical evidence from Logan Regional and Family Healthcare was entered into the record by the AC as Exhibits 23F and 24F (Tr. at 8). The evidence is new and material pursuant to 20 C.F.R. § 416.1470(b). Good cause was not required because Claimant submitted the additional medical evidence to the AC.

The new evidence admitted as Exhibit 23F included a diagnostic imaging report from Logan Regional dated March 20, 2014 (Tr. at 877-878). Peter Chirico, M.D., reviewed an MRI of Claimant's cervical spine and reported the following:

> Interpretation: MRI of the cervical spine reveals normal marrow signal and anatomic alignment of the cervical vertebra, however, there is a large left posterolateral disc herniation at the C6-C7 causing significant neural foraminal compromise at this level. There is also a small central protruding disc at C4-5 with mild central canal stenosis. More moderate central disc herniation at C5-6 with 7mm AP dimension of the spinal canal and consistent with spinal stenosis, and, the disc abnormality described above at C6-C7 only causes significant left-sided neural foraminal compromise but also central canal stenosis.
>
> Impression: Small central protruding disc at C4-5 with mild central canal stenosis, more moderate central disc herniation at C5-6 with more significant central conal stenosis and cord impression. Also significant left posterclateral disc herniation at C6-7 with significant left-sided neural foraminal compromise but also central canal stenosis. Cord compression noted at C5-6 and C6-7 levels (Tr. at

877).

Claimant was referred to a consult specialist for her cervicalgia (Tr. at 888).

Exhibit 24F containing medical records from Family Healthcare dated February 26, 2014, reflects that Claimant was experiencing "left elbow pain, shoulder joint pain and pain localized to one or more joints" (Tr. at 879). Claimant's Musculoskeletal System reflected overall findings of "Neck with decreased ROM and pain on palpation" and "Tender elbow with painful ROM" (Tr. at 880). Also, the new evidence included medical records from Family Healthcare dated March 13, 2014, which reflect that Claimant's left shoulder had decreased ROM and was tender on palpation (Tr. at 883). Also, on April 1, 2014, medical records from Family Healthcare reflect that Claimant's neck had decreased ROM and pain on palpation (Tr. at 887).

The ALJ held that Claimant's conditions of chronic cervical and dorsolumbar strain and left shoulder strain are nonsevere (Tr. at 83). The ALJ stated that these conditions were being managed medically and that no aggressive treatment was recommended or anticipated. (*Id.*) Defendant asserts that "the record revealed that despite the results of her MRI, Plaintiff made no continuing complaints of pain involving her cervical spine or left shoulder" (ECF No. 11). On the contrary, the newly admitted evidence demonstrates the ongoing symptom of pain and decreased ROM. Therefore, in light of this new evidence the ALJ's determination that Claimant's conditions of chronic cervical and dorsolumbar strain and left shoulder strain might reasonably have been different.

The ALJ found Claimant's conditions of disc protrusion at L5-S1 and lumbago to be severe, however, not at the severity of one of the listed impairments in Appendix 1. The ALJ held:

> The claimant's disc protrusion at L5-S1 and lumbago are evaluated under Section 1.04 of the Listings for disorders of the spine.

10

> However, the claimant has no evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis resulting in pseudoclaudications as required to meet or equal the listing (Tr. at 85).

It is a reasonable possibility that the ALJ's finding on the severity of Claimant's disc protrusion and lumbago would have changed if the new evidence had been considered. Likewise, the ALJ's finding that Claimant's pain "was not entirely credible" might have been different if the objective evidence of the MRI impression were considered. Specifically, in regards to Claimant's back pain the ALJ held "the objective findings on testing such as CT, as well as during examinations are not at the severity as expected for an individual who alleges such extreme limitations" (Tr. at 89). The MRI impression is an objective finding that should be considered by the ALJ.

The question is whether the ALJ's decision is supported by substantial evidence in light of this new evidence. *See Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc) ("The Appeals Council specifically incorporated [the treating physician's] letter of June 16, 1988 into the administrative record. Thus, we must review the record as a whole, including the new evidence in order to determine whether substantial evidence supports the Secretary's findings."). In the present matter, the AC admitted new evidence into the record as Exhibits 23F and 24F. Thus, in light of the newly admitted evidence, it is unclear whether the ALJ's decision is supported by substantial evidence.

For the foregoing reasons, the undersigned respectfully recommends that the District Judge find that the ALJ's decision is not supported by substantial evidence. The undersigned suggests that on remand, the ALJ discuss whether the requirements to meet or equal Listings pursuant to Subpart P, Appendix 1, are satisfied.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 10), **DENY** the Commissioner's Brief in Support of the Defendant's Decision (ECF No. 11), **REVERSE** the final decision of the Commissioner and **REMAND** this case for further proceedings before an ALJ pursuant to sentence four of 42 § U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  August 10, 2016

_____
Dwane L. Tinsley
United States Magistrate Judge